IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DONALD SMITH, | § | |
| *also known as* | § | |
| DON SMITH, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 2:13-CV-229 |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
|     Respondent. | § | |

**REPORT AND RECOMMENDATION TO
DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

  Petitioner DONALD SMITH *also known as* DON SMITH has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 108th District Court of Potter County, Texas for aggravated robbery and the resultant seventy-five-year sentence. For the reasons hereinafter expressed, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DISMISSED.

I.
PETITIONER'S ALLEGATIONS

  Petitioner's specific grounds of error are unclear. It appears as though his main contention is that trial counsel rendered ineffective assistance by failing to convey to defendant a plea offer, failing to properly advise petitioner to take a plea offer, and failing to accurately advise petitioner of his sentencing liability before trial. He also alleges ineffective assistance of counsel on appeal.

III.
GROUNDS FOR DISMISSAL

*A. The Court Lacks Jurisdiction Because the Petition is Successive*

By the instant habeas corpus application, petitioner challenges his 1997 conviction for the offense of aggravated robbery out of the 108th District Court of Potter County, Texas. Petitioner has challenged this conviction and sentence in a previous federal habeas corpus petition in this Court. *See Smith v. Cockrell*, No. 2:00-CV-129. On November 7, 2003, this Court denied the petition. *See id.*, "Judgment," doc. 37 (Nov. 7, 2003). Petitioner appealed the case to the Fifth Circuit, which dismissed the appeal. One of the issues petitioner raised in his first habeas corpus petition was that he received ineffective assistance of counsel because his trial attorney failed to convey a plea offer to him, which claim was refuted via trial counsel's affidavit. *Id.*, "Report and Recommendation," doc. 19, pgs. 2, 6 (July 24, 2003). The Court found, "[p]etitioner's claims of ineffective assistance are without merit." *Id.* at pg. 7.

Title 28 U.S.C. § 2244(b)(3)(A) provides that **before** a second or successive application permitted by section 2244(b)(2) is **filed** in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section 2244(b)(3)(A) creates a "gatekeeping" mechanism at the appellate court for the consideration of second or successive applications in the district courts. *Felker v. Turpin*, 518 U.S. 651, 657, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). It "transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court." *Id.*

Permission may be obtained only by filing, with the appropriate federal appellate court, a motion for authorization to file a successive habeas petition with the district court. *In re Epps*, 127

F.3d 364 (5th Cir. 1997) (detailing the procedure for obtaining authorization from the appellate court). The federal court of appeals may authorize the filing of a second or successive application for habeas relief only if it determines the application makes a prima facie showing that the application satisfies the requirements set forth in 28 U.S.C. section 2244(b)(2).

The strictures of section 2244(b)(2) allow a district court to consider a claim presented in a second or successive habeas application[1] that was not presented in a prior application only if the claim (1) "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;" or (2) is based on a factual predicate that "could not have been discovered previously through the exercise of due diligence" and which, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(A)&(B).

Petitioner's contentions relate back to issues regarding his original trial and appeal and which he could have presented, and to a large degree did present, in his previous federal habeas corpus petition. Petitioner appears to contend the Supreme Court's opinions in *Missouri v. Frye*, __ U.S. __, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012) and *Lafler v. Cooper*, __ U.S. __, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), qualify him for the exception to the successive petition bar. *See* 28 U.S.C. § 2244(b)(2)(A). The Fifth Circuit, however, has expressly held neither *Frye* nor *Lafler* are retroactively applicable and therefore do no qualify for the section 2244(b)(2)(A) exception. *In re King*, 697 F.3d 1189, 1189 (5th Cir. 2012). To the degree petitioner contends the second excpetion

---

[1] Title 2244(b) does not define what constitutes a "second or successive habeas corpus application." Even so, the undersigned finds the instant application for habeas relief is a "second or successive habeas corpus application" within the meaning of section 2244(b) because it, like petitioner's prior habeas applications, challenges petitioner's custody pursuant to his conviction for the offense of aggravated robbery rendered on October 28, 1997 by a jury in cause number 37,878 out of the 108th District Court of Potter County, Texas.

to successive petitions is available to him, such a contention is plainly meritless, as petitioner has already claimed ineffective assistance of counsel based upon counsel's failure to convey a plea offer in his federal habeas corpus petition. Therefore, if this Court had jurisdiction to review these claims, they would likely be dismissed. *See* 28 U.S.C. § 2244(b)(2).

Regardless, this Court is bound by the law of Title 28 U.S.C. § 2244(b)(3), and therefore cannot consider the instant application for habeas corpus relief without an order from the United States Court of Appeals for the Fifth Circuit authorizing it to do so. Petitioner has failed to demonstrate he has obtained such authorization to file the pending federal habeas corpus application. Because petitioner has failed to obtain the appropriate appellate court permission to file a successive federal habeas petition, this Court has no authority to consider his request for relief.

Consequently, it is the undersigned's opinion that this Court lacks subject matter jurisdiction to consider petitioner's application for a writ of habeas corpus and that petitioner's federal application for habeas corpus relief should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), (h)(3) of the Federal Rules of Civil Procedure, and 28 U.S.C. § 2244(b)(3)(A).

### B. The Petition is Time Barred

Even if the petition were not successive, it is time barred. Petitioner's conviction became final April 13, 1999, which was ninety days after the Texas Court of Criminal Appeals refused his petition for discretionary review. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for filing a petition for certiorari following the entry of judgment); Sup.

Ct. R. 13.3. Consequently, under 28 U.S.C. § 2244(d)(1)(A), any federal habeas corpus petition was due April 13, 2000. This period would not be tolled by any of petitioner's three state habeas corpus applications, as none of them were filed within the one-year federal deadline. *See* 28 U.S.C. § 2244(d)(2).

Petitioner would seem to contend the Court should not allow section 2244(d)(1)(A) to control in this case but should rather rely upon section 2244(d)(1)(C) for guidance on calculating the one-year statute. Under subsection C, the starting point for the limitations period is the date on which the constitutional right asserted was initially recognized and made retroactively applicable by the Supreme Court. Petitioner again attempts to rely on *Missouri v. Frye*, __ U.S. __, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012) and *Lafler v. Cooper*, __ U.S. __, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012). First, this and other courts have already determined neither *Frye* nor *Lafler* qualify under section 2244(d)(1)(C). *See Hunter v. Stephens*, No. CIV. A H-13-877, 2013 WL 5671295 (S.D. Tex. Oct. 16, 2013); *Anthony v. Stephens*, No. 2:13-CV-045, 2013 WL 3486916 (N.D. Tex. July 11, 2013); *see also Sandoval-Moschetto v. United States*, No. EP-11-199-KC, 2013 WL 321767 (W.D. Tex. Jan. 25, 2013). Moreover, even if they did apply, these two cases were issued March 21, 2012. Petitioner did not file the instant petition until November 2013. Again, after the expiration of the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(C).

The Court has considered alternative scenarios in which the petition might be timely filed. If there were a different date on which the federal habeas corpus clock started, such as one of the circumstances presented in section 2244(d)(1)(B) or (D), then the petition may not be time barred. Petitioner does state he was "prevented from filing by the State's action. The State own documents provides proof of their action in preventing me from obtaining records concerning the States plea

bargain offer, in order to prevent me from filing timely after I learned of the new Supreme Court ruling" [sic throughout]. ("Petition for a Writ of Habeas Corpus by a Person in State Custody," doc. 3, pg. 16 (Nov. 18, 2013)). To the extent this vague and unsupported accusation is an attempt to bring the case under the purview of 28 U.S.C. § 2244(d)(1)(B), it would fail. First, there is a difference between the time for discovering the factual predicate of a claim (which will warrant equitable tolling) and "the time permitted for gathering evidence in support of that claim" (which will not warrant equitable tolling). *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998). Petitioner clearly knew of his argument regarding counsel's actions, as he has, in large part, presented them to the Texas Court of Criminal Appeals in *Ex Parte Smith*, WR-44,750-01 (denied without written order Apr. 5, 2000), and this to Court. He has not established why he failed to present any additional issues relating to the assistance he received at his trial. Petitioner fails to present the Court with anything more than vague and conclusory allegations not warranting application of 28 U.S.C. § 2244(d)(1)(B)or (D). *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Section 2244(d)(1)(A) is the most appropriate section under which to analyze this case. Under that section, as recited above, the petition is time barred. Petitioner has failed to provide any conceivable grounds upon which the Court could equitably toll the one-year deadline. Even if the petition were not successive, it would be time barred. *See* 28 U.S.C. § 2244(d)(1)(A).

IV.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner DONALD SMITH *also known as* DON SMITH be DISMISSED as successive or, in the alternative, time barred.

Case 2:13-cv-00229-J-BB Document 4 Filed 12/11/13 Page 7 of 7 PageID 29

IV.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 11th day of December, 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

HAB54\R&R\Smith-229.dsms.succ.time barred: 3    page 7 of 7